## TADO MIKOLAJSAK v. THE STATE

No. 7918.  Decided December 19, 1923.

**1.—Wife Desertion—Evidence—Declarations of Third Party.**

Where, upon trial of wife desertion, the State was permitted to introduce testimony containing the conversation between defendant's mother and a third party in defendant's absence, in which she declared that her son was not going to stay long, indicating that he was not going to remain with prosecutrix, the same in connection with the condition of the record in the instant case is reversible error.

**2.—Same—Requested Charge—Contradictions.**

Where the requested charges in connection with the main charge were confusing and contradictory, it is suggested that in the event of another trial this should be avoided.

**3.—Same—Reading Law to the Jury.**

After a charge of the court has been submitted to the attorneys and the court has read it to the jury before argument begins, there is little occasion for the attorney to read the law to the jury, other than as contained in the charge.

Appeal from the County Court of Washington.  Tried below before the Honorable J. H. Chappell.

Appeal from a conviction of wife desertion; penalty, a fine of $150. The opinion states the case.

*B. F. Teague* and *W. J. Embrey,* for appellant.  On question of declaration of defendant's mother, Hickey v. State, 138 S. W. Rep., 1059;  Wallace v. State, 145 id., 925;  Qualls v. State, 158 id., 539.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for failure to support the wife; punishment assessed at a fine of $150.

The State depended almost entirely upon the testimony of appellant's wife.  It is so confusing and contradictory as to be most unsatisfactory.  At the time she left appellant they were living upon the Kitowski place.  Mrs. Kitowski was appellant's mother.  Prior to the time they moved to the latter place they had lived upon a place belonging to the father of prosecutrix.  Her testimony is that while living upon her father's place appellant at one time hit her with a shot gun, knocking her down, rendering her unconscious, and at another time threw a lighted lamp on the floor, being made at the time. As a result of this she left him and went to her father's, but only remained there a few days when she returned to and again lived with

appellant. They had been living on the Kitowski place about eight months at the time of the separation and prosecutrix claimed that she left her husband and went to her father's to live because her husband told her he would not live with her any more and told her to leave; that he did not contribute anything to her support after she returned to her father's. It appears further in her testimony that her father desired them to move from his place some time before the New Year in 1920; that she did not want to move because she says she wanted to live with her husband, but would not live on the Kitowski place with him because "they didn't treat me right;" that he did provide her with provisions and clothing before she left him. There is no evidence in the record showing that appellant's mother or her husband, Frank Kitowski, or any one else living at the Kitowski place had treated prosecutrix unkindly. Prosecutrix admitted that she told Nellie Kitowski that she would live with her husband on anybody's place except Frank Kitowski's, but did not want to live on that place. Notwithstanding prosecutrix had testified that her husband had knocked her down with a gun, threatened to kill her and thrown the lighted lamp on the floor at the time they lived on her father's place, she also testified that they got along all right until they moved to the Kitowski place. Appellant was working in the field at the time prosecutrix left his home and she later returned and took practically all the personal property they had, claiming it was her separate property.

With the testimony before the jury in the unsatisfactory condition shown from the foregoing recital the State introduced as a witness one Mike Mikolojak and proved by him over appellant's objection that at one time he and appellant's mother came to Brenham and that she sought to procure his assistance to set aside the marriage of appellant and prosecutrix, during which conversation the mother, (referring to appellant) said: "He is not going to stay long." This transaction and conversation did not occur in appellant's presence and was hearsay. It may have turned the scales against appellant in the minds of the jury. It was a circumstance with which appellant had no connection or knowledge so far as the record shows. If prosecutrix had information about the matter it may have explained why prosecutrix did not desire to live on Mrs. Kitowski's place, but the statement of appellant's mother indicating that he was not going to remain with prosecutrix long, in connection with the other matters testified to, was injurious to appellant and should not have been introduced against him. Many cases will be found in which this court has declined to reverse because of the admission of hearsay testimony where it is not of an injurious nature, but under the facts presented in the present case we can not regard the testimony complained of as of that character.

Special instructions were requested by both the State and appellant relative to the duty and right of the husband as the head of the family to select the place of residence. The learned trial judge gave

both special charges and the point is made that they were contradictory of one another and therefore confusing to the jury. The case must be reversed for the error theretofore discussed and we only suggest that in the event of another trial the charge of the court should be so worded as to eliminate any apparent contradiction.

Appellant complains that the court permitted counsel for the State to read to the jury the law on the case from many law books. Objections were made to this procedure for various reasons but the bills are defective in that they fail to show what was read to the jury and we are therefore not in a position to say whether it was injurious. After a charge of the court, under our present practice, has been submitted to attorneys and the court has read it to the jury before argument begins, we can see little occasion for the atorneys to read the law to the jury, other than as contained in the charge.

For the errors suggested the judgment must be reversed and the cause remanded.

*Reversed and remanded.*